No. 13898


IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA,

             Plaintiff and Respondent,

   -vs-

ROGER MORTENSON,

             Defendant and Appellant.

---

Appeal from:  District Court of the Twelfth Judicial District,
              Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

       William E. Gilbert, Bozeman, Montana

    For Respondent:

       Hon. Mike Greely, Attorney General, Helena, Montana
       Ronald W. Smith, County Attorney, Havre, Montana

       Submitted on briefs.

---

                        Submitted:  January 5, 1978

                        Decided JAN 2  

Filed: JAN

*Thomas J. Kearney*
_____
                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This is an appeal from an order of the District Court, Hill County, dismissing defendant's appeal from a justice court conviction for failure to give notice of appeal within the prescribed statutory period.

On December 23, 1975, a complaint was filed in justice court, Hill County, charging defendant with a violation of privacy in communications, a misdemeanor, under section 94-8-114, R.C.M. 1947. Defendant was arrested and arraigned on December 24, 1975.

Trial in justice court was held April 7, 1977, and defendant was found guilty. Time for sentencing was waived by the defendant, and oral judgment was imposed in open court, in the presence of counsel, on April 7. The judgment was reduced to writing on April 12, 1977.

Counsel for defendant executed a written notice of appeal, dated April 21, and it was mailed to the Hill County Justice Court on April 23, and received by the court on April 27. The presiding justice of the peace thereafter set an appeal bond, which was furnished by defendant.

The District Court dismissed defendant's appeal stating:

"(2) Whether the appeal time is computed from the date of the oral judgment on April 7, 1977, or from the date of the written judgment of April 12, 1977, the notice of appeal was not given within 'ten days after judgment' as required by R.C.M. 95-2009."

The controlling issue is whether the time for appeal from a justice court conviction runs from the date of verbal pronouncement of judgment in open court, or the date the judgment is executed by the justice of the peace and received by defendant.

Defendant centrally contends the time for appeal runs from the date the judgment is executed by the justice of the peace and received by defendant, until the notice of appeal is mailed by defendant. Given such parameters, defendant maintains his notice of appeal was filed within the ten day period prescribed by statute. We cannot agree.

The time allowed for appeal from a justice court conviction is set in section 95-2009, R.C.M. 1947:

" * * *

"(b) The defendant may appeal to the district court by giving written notice of his intention to appeal within ten (10) days after judgment."

Section 95-2007(b), R.C.M. 1947, indicates judgment upon a plea or judicial determination of guilt is rendered in open court. There is no requirement in the Montana Code of Criminal Procedure, sections 95-101 et seq., R.C.M. 1947, that a justice of the peace reduce to writing oral judgments, nor is it required that a defendant be served a copy of a written judgment. Therefore, the statutory ten day period for filing a notice of appeal runs from the date of oral pronouncement of judgment in open court.

We further hold the written notice of appeal must be filed with the justice court within the ten day period. In the absence of a specific provision regarding justice courts this language of section 95-2413, R.C.M. 1947, is applicable:

"(a) Filing. Papers required or permitted to be filed must be placed in the custody of the clerk within the time fixed for filing. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are actually received within the time fixed for filing. * * *" (Emphasis added.)

See: State v. Bush,/164 Mont. 81, 82, 518 P.2d 1406; State (1974), v. Bergum, (1974), 164 Mont. 155, 156, 520 P.2d 653.

- 3 -

Defendant, in the instant case, was adjudged guilty in open court on April 7, 1977. His notice of appeal was received by the justice court on April 27, 1977, well beyond the ten day statutory filing period. Measured by the standards outlined herein, we find the District Court properly dismissed defendant's appeal for noncompliance with the provisions of section 95-2009(b). Further, even under defendant's argument the notice of appeal was not timely.

The order of the District Court dismissing defendant's appeal is affirmed.

_____
Acting Chief Justice.

We Concur:

_____

_____

_____
Justices.