No. 14887

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA, ex rel.,
DAVID ALLEN ROSS,

*PLAINTIFF*

Petitioner, *AND RESPONDENT*

   -vs-

VIRGINIA MALLORY, JUSTICE
OF THE PEACE, POLSON DISTRICT, LAKE
COUNTY, MONTANA,

*DEFENDANT* ~~Respondent~~ *APPELLANT*

---

Appeal from: District Court of the Fourth Judicial District,
             Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    *DEFENDANT AND APPELLANT*
    For ~~Petitioner~~:

        Turnage and McNeil, Polson, Montana
    *PLAINTIFF AND RESPONDENT*
    For ~~Respondent~~:

        K. M. Bridenstine, Polson, Montana

---

                 Submitted: September 19, 1979
                           on briefs

                 Decided: OCT 2 1979

Filed: OCT 2 1979

*Thomas J. Kearney*
                     Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Relator, David Allen Ross was charged with two traffic offenses by citations issued on December 1, 1978. Ross was convicted of "reckless driving" and "leaving the scene of an accident" on January 8, 1979 after a nonjury trial in the Lake County Justice Court of Virginia Mallory, the appellant. On this same date, an oral notice of appeal was given to the Justice Court on behalf of Ross who posted an appeal bond as ordered.

On January 16, 1979, written notice of appeal addressed to the Justice Court was filed on behalf of Ross, inadvertently with the Clerk of the District Court. The Clerk who was newly elected, failed to forward the notice to the proper court. As a result, no written notice of intention to appeal was filed with the Justice Court within the ten day period following judgment as required by statute, nor was the record of the proceedings of the Justice Court transferred to the District Court. The appeal was dismissed and the bond ordered forfeited in Justice Court on April 6, 1979 by Justice of the Peace Mallory.

Ross applied to the District Court for a writ of mandate on April 19, 1979, directing Mallory to set aside the order for dismissal and to transmit the record and file to the District Court. A hearing was held on May 16, 1979 and on June 13, 1979 the District Court entered its findings and entered judgment that a writ of mandate be issued. Subsequently, a peremptory writ of mandate was issued on June 21, 1979 commanding Mallory to transmit the Justice Court records of the Ross proceedings to the District Court. Mallory asserts on this appeal that the District Court erred in issuing the writ of mandate.

-2-

Section 46-17-311, MCA, states:

"(1)  All cases on appeal from justices'
. . . courts must be tried anew in the
district court . . .

"(2)  The defendant may appeal to the
district court by giving written notice of
his intention to appeal within 10 days
after judgment.

"(3)  Within 30 days, the entire record
of the justices! . . . court proceedings
shall be transferred to the district court
or the appeal shall be dismissed.  It is
the duty of the defendant to perfect the
appeal."

The statute is clear and expressly requires that "written"

notice of appeal be filed in Justice Court.  The duty to

perfect an appeal is also explicit and expressly directed to

be that of the defendant.

In the present case, since written notice was not

provided to the appropriate court, Ross did not perfect his

appeal in the manner required by law and the Justice of the

Peace had no concomitant duty to transmit the files to the

District Court.  Consequently there existed no basis for writ

of mandate to be issued.

_____
                    Justice

We Concur:

_____
      Chief Justice

_____

_____

_____
            Justices

-3-