No. 85-483

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CHARLES TECCA, III,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Knuchel & McGregor; Karl Knuchel, Livingston,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Joe Roberts, Asst. Attorney General, Helena, Montana
Robert Jovick, City Attorney, Livingston, Montana

---

Submitted on Briefs: Dec. 18, 1985

Decided: January 26, 1986

Filed: JAN 28 1986

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant, Charles Tecca III, appeals the August 13, 1985, order of the Sixth Judicial District Court dismissing his appeal to that court and remanding his appeal bond. We reverse.

Defendant was convicted of three traffic offenses in Livingston City Court on July 17, 1985. On July 24, 1985, judgment and sentence were orally pronounced. Defendant's attorney filed a notice of appeal in City Court on July 29, 1985. That notice specified that the appeal would be "to the Justice Court of the County of Park, State of Montana, before Deanna Egeland, Justice of the Peace." The appeal should have been to District Court. On August 7, 1985, eleven "working" days after judgment was issued, a correct notice of appeal was filed. Section 46-17-311(2), MCA, requires that a notice of intent to appeal from a judgment of a city or justice court be filed within ten days of the judgment. Therefore, the trial judge dismissed the appeal for failure to file a timely notice of appeal.

We agree with the trial judge that the August 7, 1985, notice of appeal was not timely. We have consistently given a strict construction to § 46-17-311, MCA, and will continue to do so.

Our resolution of this appeal rests on the original notice of appeal. It was timely filed in the proper court. Therefore, the City Court had actual, timely notice of defendant's intent to appeal. Unfortunately, that notice of appeal was defective in that it specified the wrong court as the court of appeal. In a similar case, Adair v. Lake County Justice Court (Mont. 1984), 692 P.2d 13, 41 St.Rep. 2241, the notice of appeal specified that appeal would be to the

2

Montana Supreme Court. Noting that proper appeal should be to the District Court, we granted ten days from the date of remittitur to file a statutorily correct notice of appeal. The same remedy should be afforded defendant in this case.

Accordingly, defendant is granted ten days from the date of remittitur of this Court to file a correct notice of appeal, pursuant to § 46-17-311, MCA.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

3