No. 86-494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

RICHARD LYLE PROVINCE,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert F.W. Smith, Asst. Atty. General, Helena
A. Michael Salvagini, County Attorney, Bozeman,
Montana;   Duke R. Wolf, Deputy County Attorney

For Respondent:

Leanne M. Schraudner, Bozeman, Montana

Submitted on Briefs:  Jan. 29, 1987

Decided: April 17, 1987

Filed: APR 17 1987

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The State appeals from an order from the Eighteenth Judicial District, Gallatin County, Montana, dismissing a DUI charge for failure of the State to give notice of appeal from justice court to the defendant. We affirm.

The issue raised on appeal is whether the State is required to serve notice of its appeal from the justice court on defendant.

The defendant, Richard Lyle Province, was arrested for driving under the influence of alcohol on March 7, 1986. The defendant plead not guilty and trial was set for July 15, 1986.

Defendant made several requests to the State to provide the written report from the arresting officer. The report was never provided to him. On July 9, 1986, the defendant moved to dismiss the case for failure of the prosecution to comply with the court's discovery rule. The justice court granted the motion. Neither side raised the issue of the justice court's jurisdiction and dismissal of the charge under these circumstances and we do not rule on that question. The State promptly filed a notice of appeal in the justice court, but neglected to serve notice of this appeal on the defendant or his counsel. On July 23, 1986, the defendant received a District Court minute entry requesting the defendant to make an initial appearance before the District Court. The minute entry provided no information with respect to the charges against the defendant, nor was there any indication that the minute entry was a reference to an appeal from justice court.

Defendant made a motion to dismiss for failure of the State to perfect its appeal. The District Court granted the motion. The State appeals.

In their arguments, both parties dissect and attempt to interpret § 46-17-311, MCA, which provides for an appeal from justice court. The parties discuss what "giving written notice of his intention to appeal . . ." means, citing case law and commission comments to the Code, none of which is compelling.

Until recently the State was not allowed to appeal a ruling in favor of the defendant. Consequently, much of the history and case law is in reference to the defendant appealing from an unsatisfactory judgment in favor of the State. Now, under § 46-17-311, MCA, amended in 1985, either party can appeal certain actions. Regardless of which party is appealing, this Court has consistently held that compliance with the statute is required to perfect an appeal because it is exclusively a statutory right.

The State cites cases supporting its contention that strict compliance with the statutory requirement of "giving written notice of his intention to appeal" means no more than giving the justice court written notice. State ex rel. Ross v. Mallory (1979), 184 Mont. 29, 601 P.2d 385; State v. Mortenson (1978), 175 Mont 403, 574 P.2d 581. These decisions are distinguishable. In Mallory the defendant failed to file his notice of appeal with justice court. In Mortenson the defendant did not file his appeal within the time allowed by statute.

We hold that "giving written notice of an intention to appeal" under § 46-17-311, MCA, requires that defendant receive notice. In the case at hand the State failed to perform that which was required. Namely, the State failed to serve notice of appeal upon defendant. The rationale for

- 3 -

requiring that the defendant be served with notice of an appeal by the State was best summarized by the District Court judge in this case.

> It is patently unfair to permit the state to appeal against a defendant who has no idea that the case is still alive and that he still faces criminal sanctions:

Notice was not, nor has it ever been served upon the defendant, Richard Province, or counsel for the defendant. The State cannot be allowed to circumvent procedural due process by relying on a clerk's minute entry as adequate notice of appeal to the defendant. The record shows that an unsigned certificate of service upon the defendant at the bottom of the notice of appeal indicating that the State failed to comply with that which it knew to be a mandatory requirement. The failure to serve notice of appeal on the defendant lies solely with the appellant.

The decision of the District Court dismissing the appeal is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -