IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 87-228

FILED

SEP 1 - 1987

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,              )
                              )
        Plaintiff/Respondent,  )
                              )
        vs.                    )     OPINION AND ORDER
                              )
WESLEY L. HARTFORD,            )
                              )
        Defendant/Appellant.   )

Wesley L. Hartford was convicted of driving under the influence of liquor in the Yellowstone County Justice Court. He attempted to appeal his conviction, but his notice of appeal to the District Court, Thirteenth Judicial District Court, Yellowstone County, was not timely filed. The District Court dismissed his appeal and ordered that Hartford complete the sentence imposed on him by the Justice of the Peace Court. Hartford appeals from the order of the District Court.

Hartford's issues on appeal to this Court are:

1. That his failure to file a timely notice of appeal from the Justice Court to the Yellowstone County District Court caused no harm or injury and constituted at the most "harmless error."

2. That the actions, conduct and tactics of the state prosecutor as condoned by the Justice Court violated Hartford's fundamental rights; that because thereof the District Court should have interceded and its failure to do so was an abuse of discretion and "plain error."

On October 27, 1986, Wesley Hartford was charged with driving under the influence of alcohol. His case came on for

- 1 -

trial before the Justice of the Peace for Yellowstone County, before a jury, which returned a verdict of guilty. On February 11, 1987, the date of his conviction, the Justice of the Peace pronounced judgment and sentence consisting of a $200 fine, 60 days in jail, all suspended, and attendance at a DUI court school. Hartford's notice of appeal was filed with the Justice Court on March 4, 1987, and the record of the Justice Court was forwarded to the clerk of the District Court by certification on March 6, 1987.

In Montana, a right to appeal from a criminal conviction from justice court to a district court is purely statutory and arises from § 46-17-311, MCA, which provides:

> (1) All cases on appeal from Justices' or City Courts must be tried anew in the District Court . . .
>
> (2) A party may appeal to the District Court by giving written notice of his intention to appeal within 10 days after judgment, except that the State may only appeal in the cases provided for in § 46-20-103.

In this case, a period of 21 days elapsed from the judgment to the filing of the notice of appeal. Thus, Hartford far exceeded the statutory allowance of 10 days for such notice.

Compliance with the statute is required to perfect an appeal from a Justice Court to the District Court because an appeal is exclusively a statutory right. State v. Province (Mont. 1987), ___ P.2d ___, 44 St.Rep. 775, 776; State v. Mortenson (1978), 175 Mont. 403, 574 P.2d 581.

Without a timely notice of appeal, the District Court does not gain jurisdiction to consider an appeal from the Justice Court. State ex rel. Graveley v. District Court (1978), 178 Mont. 1, 582 P.2d 775; State v. Frodsham (1961), 139 Mont. 222, 362 P.2d 413.

Hartford contends, however, that our view of the necessity of strict compliance with the appeal statute has softened since our decision in Mortenson. Hartford cites State v. Main (1981), 623 P.2d 1382, 38 St.Rep. 205; and, State v. Dubray (1982), 201 Mont. 327, 654 P.2d 970. In Main, the pertinent issue involved transmittal of the record, not the filing of a notice of appeal. Likewise, Dubray did not involve an untimely notice of appeal but rather the fact that Dubray had done everything possible to transmit the Justice Court record to the trial court. Dubray had fulfilled all of the criteria mandated in § 46-17-311, MCA. 201 Mont. at 331, 654 P.2d at 972.

In State v. Tecca (1986), 713 P.2d 541, 43 St.Rep. 180, Tecca filed a notice of appeal in the City Court which improperly stated that the appeal would be to the Justice Court rather than the District Court. There we granted 10 days to Tecca in which he could file a corrected notice. He had, however, filed a timely notice with the City Court.

The only authority giving a party a right to appeal from a criminal conviction in a justice court to a district court in Montana is § 46-17-311, MCA. Unless a party has made timely compliance with that statute, the District Court does not acquire jurisdiction of the appeal. In this case, therefore, the District Court had no other course but to dismiss the appeal.

Hartford contends further, however, that the actions, conduct and tactics of the state prosecutor in the Justice Court violated his fundamental rights, which the District Court, in the interests of justice, should have recognized and corrected; and that its failure to do so constituted an abuse of discretion and "plain error."

This contention calls for the impossible on the part of the District Court. A Justice of the Peace Court in Montana

is not a court of record, and no transcript of the proceedings is available for review by the District Court or this Court for that matter. Hartford's remedy lay in his right to appeal to the District Court where, if Hartford had timely appealed, he would be entitled to try his cause anew, with a jury, if he wished. Section 43-17-311, MCA. His de novo trial in the District Court would automatically erase any imperfections that may have occurred in the Justice Court trial. Again, his right to a trial de novo in the District Court depends upon a timely notice of appeal from the Justice Court.

We hold that the District Court properly dismissed Hartford's attempted appeal from his criminal conviction in the Justice of the Peace Court.

Accordingly, this appeal is hereby dismissed. Let remitittur issue forthwith.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 4 -