No. 88-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

--------

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

WILLIAM JO ARTHUR,

        Defendant and Appellant.

--------

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Larry Jent, Bozeman, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Kathy Seeley, Asst. Atty. General, Helena
        A. Michael Salvagni, County Attorney, Bozeman,
        Montana;  Jennifer Bordy, Deputy County Attorney

--------

Submitted on Briefs:  Aug. 4, 1988

Decided:  September 15, 1988

Filed: **SEP 1 5 1988**

*Ethel M. Harrison*

--------
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

William Jo Arthur, the defendant, was convicted of driving under the influence of alcohol in Gallatin County Justice Court. The District Court of the Eighteenth Judicial District, Gallatin County, dismissed defendant's appeal from Justice Court. Defendant appeals. We affirm.

The sole issue raised on appeal is whether § 46-17-311, MCA, requires an appellant from Justice Court to District Court to file physically his notice of appeal within 10 days after judgment.

On November 18, 1987, William Jo Arthur was found guilty of driving under the influence of alcohol and was sentenced in open court. The 10 day time limit for giving notice of appeal from Justice Court to District Court would normally have expired on November 28, 1987. However, because November 28 fell on a Saturday, the time limit was extended to the following "working" day, Monday, November 30, 1987, as provided by § 1-1-307, MCA. Defendant therefore had two additional days in which to give notice of his intent to appeal.

Counsel for the defendant executed the notice of appeal on November 27, 1987, and mailed it on November 30, 1987, the final day on which notice could be given. The notice was received and filed in Justice Court on December 1, 1987. The District Court dismissed the appeal on the ground that the notice was not filed within the 10 day limit prescribed by § 46-17-311, MCA.

The right to appeal a Justice Court criminal conviction to district court is given by § 46-17-311, MCA, which provides in part:

- 2 -

(1)  All cases on appeal from justices' or city courts must be tried anew in the district court . . .

(2)  A party may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment, except that the state may only appeal in the cases provided for in 46-20-103.

This statute is the only method by which a district court can acquire jurisdiction over an appeal from justice court. Because the right to appeal is given exclusively by statute, we have consistently held that strict compliance with § 46-17-311, MCA, is necessary to perfect an appeal. State v. Hartford (Mont. 1987), 741 P.2d 1337, 1338, 44 St.Rep. 1500, 1501; State v. Province (Mont. 1987), 735 P.2d 1128, 1129, 44 St.Rep. 775, 776.

Strict compliance with the statute requires that notice be given in a timely manner. Hartford, 741 P.2d at 1338, 44 St.Rep at 1501. We have previously held that in Justice Court the time for appeal runs from the date of oral pronouncement of judgment in open court. State v. Mortenson (1978), 175 Mont. 403, 405, 574 P.2d 581, 582. The issue that arises on this appeal is whether "giving written notice" means simply mailing the notice of appeal within the statutorily prescribed 10 day limitation period or whether it requires that notice must be actually received by the court within that period. We hold that written notice of a party's intention to appeal a criminal conviction from Justice Court to District Court must be physically filed with the Justice Court within 10 days after judgment.

This holding is directly in line with a previous case interpreting the notice provision of the Justice Court criminal appeals statute. In Mortenson, we construed § 95-2009, R.C.M. (1947), the predecessor of § 46-17-311, MCA.

Like the present statute, § 95-2009, R.C.M. (1947), spoke only of "giving written notice" of intent to appeal. It did not mention actual filing. Even so, we concluded that "written notice of appeal must be _filed_ with the Justice Court within the ten day period." _Mortenson_, 175 Mont. at 405, 574 P.2d at 582. (Emphasis added.) We continued,

> In the absence of a specific provision regarding Justice Courts this language of section 95-2413, R.C.M. 1947, is applicable:
>
> (a) Filing. Papers required or permitted to be filed must be placed in custody of the clerk within the time fixed for filing. Filing may be accomplished by mail addressed to the clerk, _but filing shall not be timely unless the papers are actually received within the time fixed for filing._
>
> . . .

_Mortenson_, 175 Mont. at 405, 574 P.2d at 582.

Section 95-2413, R.C.M. (1947), quoted above, later became § 46-20-502, MCA, which was superseded by amendments to the Montana Rules of Appellate Procedure by Supreme Court Order of June 16, 1986, effective January 1, 1987. Throughout these changes, however, the wording of the statute remained the same, and the pertinent part of Rule 20(a), M.R.App.P., is identical to the 1947 statute cited in _Mortenson_. The only difference between Rule 20(a) and § 95-2413, R.C.M. (1947) is that the latter statute governed criminal appeals from all Montana courts, while the Rules of Appellate Procedure explicitly cover criminal appeals from the District Courts to the Supreme Court only. Rule 1(a), M.R.App.P. Despite this change, the reasoning of _Mortenson_ is as applicable today as it was in 1978, and the Rules of Appellate Procedure may be applied to clarify the language of the Justice Court criminal appeals statute.

Our determination that giving written notice means actual filing is consistent with recent cases construing § 46-17-311, MCA. In State v. Tecca (Mont. 1986), 713 P.2d 541, 43 St.Rep. 180, the defendant filed a notice of appeal five days after sentencing. The notice was defective, however, because it improperly stated that the appeal was to Justice Court rather than District Court. Defendant then filed a corrected notice of appeal. We agreed with the District Court that the corrected notice, filed 11 working days after judgment, was not timely. We overturned the District Court's dismissal of the appeal, however, because the Justice Court had actually received notice of appeal within the 10-day limitation period. See also, Hartford, 741 P.2d at 1338, 44 St.Rep. at 1501; and Province, 735 P.2d at 1129, 44 St.Rep. at 776-777.

Our position is further supported by our decision in Schaffer v. Champion Home Builders Co. (Mont. 1987), 747 P.2d 872, 44 St.Rep. 2196. In that case, a civil wrongful death action, plaintiff had mailed his complaint three working days prior to the expiration of the statute of limitations. The complaint was not received by the court until one day after the limitation period had expired. We concluded that filing is not the same as mailing. "Unlike service by mail, which is complete on the date of mailing, filing by mail is not complete until the pleading is placed in the custody of the clerk of court." Schaffer, 747 P.2d at 874, 44 St.Rep. at 2198.

Our holding that "giving written notice" requires physical filing with the court furthers the policy of the limitation period by insuring that appeals from Justice Court judgments are undertaken in a timely manner. The duty of the appellant is to make certain that written notice of appeal is

actually received by the clerk of the Justice Court within 10 days after oral pronouncement of judgment.

Although William Jo Arthur mailed his notice of appeal within the time frame prescribed by the appeals statute, the Justice Court did not receive the notice until one day after the limitation period had expired. Hence, Arthur did not meet the dictates of § 46-17-311, MCA.

The District Court's order dismissing the appeal is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -