No.  94-241

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

KATHLEEN FAY SCHINDLER,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Jefferson,
                The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Gregory W. Duncan; Harrison, Loendorf & Poston,
            Helena, Montana


        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General, Patricia
            J. Jordan, Ass't Attorney General, Helena, Montana


FILED

DEC 20 1994

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 20, 1994

Decided:  December 20, 1994

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Kathleen Fay Schindler (Schindler) appeals the Fifth Judicial District Court's dismissal of her appeal from Justice Court and the court's denial of her motion for reconsideration. We reverse and remand this matter to the District Court.

On March 4, 1994, Schindler was found guilty in Justice Court of the misdemeanor offenses of assault and criminal mischief. The Justice Court entered what it considered a final judgment and adjourned.

On March 14, 1994, Schindler's counsel sent, via facsimile (fax), a Notice of Appeal to the Sheriff's office. The Sheriff's office was authorized to accept faxes for the court. Schindler alleges the fax was sent at 4:54 p.m. and completed transmission at 4:56 p.m. Respondent State of Montana (State) alleges the fax was received at 5:01 p.m.

On April 8, 1994, the State filed a motion to dismiss, alleging that the appeal was not filed on time. On April 27, 1994, the District Court dismissed the appeal, stating only that the notice of appeal was untimely. Schindler filed a motion for reconsideration which was denied on May 11, 1994. This appeal followed.

The sole issue on appeal is whether Schindler timely filed the notice of appeal from Justice Court to District Court.

The State primarily relies on § 46-17-311, MCA, to determine that Schindler's appeal was not filed on time. Section 46-17-311, MCA, provides in part:

2

(1) Except for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases on appeal from the justice's or city court must be tried anew in the district court and may be tried before a jury of six selected in the same manner as for other criminal cases. . . .

(2) The defendant may appeal to the district court by filing written notice of intention to appeal within 10 days after a judgment is rendered following trial. . . .

The State relies on State v. Arthur (1988), 234 Mont. 75, 761 P.2d 806, for its contention that Schindler's notice of appeal was not filed on time. In Arthur, the defendant's conviction took place on November 18 and the ten-day time limit for notice of appeal fell on a Saturday. Arthur, 761 P.2d at 807. As a result, we applied § 1-1-307, MCA, and held that the defendant had until Monday, November 30 to file. The notice was mailed on November 30 and received on December 1. Arthur, 761 P.2d at 807. We concluded that a written notice of appeal had to be physically filed within 10 days after judgment and that the defendant's mailed notice of the appeal was not filed on time. Arthur, 761 P.2d at 809; see § 46-17-311, MCA (1987). Our 1988 holding in Arthur, however, is not applicable to the present case because of the change in the method for computing the time limit for filing notices of appeal from Justice and City Courts.

On February 9, 1990, we adopted the Montana Justice and City Court Rules of Civil Procedure. Our Montana Justice and City Court Rules of Civil Procedure appear in Volume 4 of the Montana Code Annotated, commencing at page 1179. Rule 6 provides in part:

A. COMPUTATION. When the computation of any period of time prescribed or allowed by these rules is by order of a court or by any applicable statute, the day of the

3

act, event, or default after which the designated period of time begins to run may not be included. The last day of the period so computed must be included unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

B. EXTENSION. When by these rules, by a notice given under these rules, or by order of a court an act is required or allowed to be done at or within a specified time, the judge for cause shown **may** extend the period if a motion is made before the expiration of the period originally prescribed or extended by previous permission of the court or after expiration of the specified period if failure to act was the result of excusable neglect.

C. ADDITIONAL TIME AFTER SERVICE BY MAIL. Whenever a party has the right or is required to do an act or take a proceeding within a prescribed period after service of a notice or other paper and the notice or other paper is served by mail, 3 days must be added to the prescribed period.

The foregoing rule, however, is not determinative.

In addition to the foregoing Rules of Civil Procedure, this Court adopted the Montana Uniform Rules for Justice and City Courts (Uniform Rules) which became effective June 1, 1993. These rules appear in Volume 4 of the Montana Code Annotated, commencing at page 1198. Rule 1 provides as follows:

Rule 1. Scope of Rules.

(a) These rules, together with the Montana Justice and City Court Rules of Civil Procedure, govern the practice in all justice and city courts of the state of Montana.

Further, Rule 21, establishes the following **time** computation:

Rule 21. Time computation

(a) Time shall be computed as provided under Rule 6 of the Montana Justice and City Court Rules of Civil Procedure.
(b) When the period of time prescribed or allowed is ten days or less, intermediate Saturdays, Sundays, and legal holidays shall

4

be excluded.

We hold that Rule 21 of the Uniform Rules applies to the instant case.  Section 46-17-311, MCA, provides ten days to file a notice of appeal. As a result, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the time computation.

The Justice Court sentenced Schindler on March 4, 1994. Therefore, Schindler had until March 18, 1994 to file her notice of appeal.  This is ten days from the fourth, excluding Saturdays and Sundays.  Based on either party's factual contentions, the notice was filed before March 18th. The parties' arguments about the date and time the fax was sent, received, or filed are irrelevant. Therefore, the notice of appeal was filed on time.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices