No. 95-059

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

GREG PRICE,

      Defendant and Appellant.

FILED

JUN 20 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert G. McCarthy; Hennessey, Joyce, McCarthy
        & Wing, Butte, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, Patricia
        J. Jordan, Ass't Attorney General, Helena, Montana

Submitted on Briefs:  May 25, 1995

Decided:  June 20, 1995

Filed:

_____
          Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Greg Price (Price) appeals from an order of the Eighth Judicial District Court, Cascade County, dismissing his appeal from City Court. We reverse and remand.

On July 29, 1994, a jury in the City Court of Great Falls convicted Greg Price of the offenses of driving under the influence of alcohol and resisting arrest. He was sentenced on the same date.

Price filed a notice of appeal in City Court on August 12, 1994, and the file subsequently was transferred to the District Court. The City of Great Falls moved for dismissal of the notice of appeal on the basis that the appeal was not timely filed and, absent a timely appeal, the District Court lacked jurisdiction over the case. After briefing by the parties, the District Court entered its order dismissing the appeal. Price appeals from that order.

Did the District Court err in dismissing Price's appeal?

Section 46-17-311(2), MCA, requires that appeals from a city court to a district court for a trial de novo be undertaken "by filing written notice of intention to appeal within 10 days after a judgment is rendered following trial." Price's notice of appeal was filed 14 days after he was convicted and sentenced.

The District Court relied on State v. Hartford (1987), 228 Mont. 254, 741 P.2d 1337, in dismissing Price's appeal. In Hartford, we stated that the right to appeal from a court of limited jurisdiction to a district court is purely statutory and

2

that a district court does not acquire jurisdiction absent timely compliance with § 46-17-311, MCA. Hartford, 741 P.2d at 1338. There, the notice of appeal was not given within the statutory 10-day period and, as a result, we affirmed the district court's dismissal of the appeal. Hartford, 741 P.2d at 1338. We reaffirmed the Hartford approach in State v. Arthur (1988), 234 Mont. 75, 761 P.2d 806.

Subsequent to the court's order dismissing Price's appeal, however, we decided State v. Schindler (Mont. 1994), 886 P.2d 978, 51 St.Rep. 1421. Schindler is controlling and dispositive here.

The issue in Schindler was whether the notice of appeal from justice court to district court was timely. We observed that both the Montana Justice and City Court Rules of Civil Procedure (Rules of Civil Procedure) and the Montana Uniform Rules for Justice and City Courts (Uniform Rules) had been adopted since Arthur. Schindler, 886 P.2d at 979. Rule 21 of the Uniform Rules provides that time is to be computed under Rule 6 of the Rules of Civil Procedure; Rule 6 provides that intermediate weekend days and legal holidays are excluded in computing time periods prescribed by statute. Schindler, 886 P.2d at 979-980. Applying those Rules to Schindler's notice of appeal, we concluded that the notice of appeal was timely filed. Schindler, 886 P.2d at 980.

We reach the same result here. Price had 10 days after July 29, 1994, within which to file his notice of appeal pursuant to § 46-17-311(2), MCA. Excluding four intervening weekend days, the tenth day was August 12, 1994. That is the day on which Price

3

filed his notice of appeal.

We conclude that Price's notice of appeal was timely filed. We hold, therefore, that the District Court erred in dismissing the appeal.

Reversed and remanded for further proceedings.

_____
                        Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices

4