No. 96-714

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,
CITY OF HAMILTON,

       Plaintiff and Respondent,

   v.

VICTOR I. PIZZOLA, Jr.,

       Defendant and Appellant.



APPEAL FROM:   District Court of the Twenty-First Judicial District,
               In and for the County of Ravalli,
               The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Victor I. Pizzola, Jr., Hamilton, Montana, Pro Se

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General
          Christina Lechner Goe, Assistant Attorney General, Helena, Montana

          T. Geoffrey Mahar, City Attorney, Hamilton, Montana



                        Submitted on Briefs: May 22, 1997

                             Decided:   July 23, 1997

Filed:

                         _____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Victor I. Pizzola, Jr. (Pizzola), appearing pro se, appeals from the order of the Twenty-First Judicial District Court, Ravalli County, dismissing his appeal from the City Court of Hamilton (City Court) with prejudice. We reverse and remand.

The sole issue on appeal is whether the District Court erred in dismissing Pizzola's appeal from the City Court for a trial de novo with prejudice.

The City of Hamilton (City) charged Pizzola in the City Court with committing the offense of disorderly conduct in violation of  45-8-101, MCA. The facts upon which the charge was based were that Pizzola knowingly or purposely drove through a barricaded street and "flipped off" the construction workers at that location. He moved to dismiss on the grounds that the charge violated his First Amendment right to free speech and the City moved to amend the complaint. The City Court denied Pizzola's motion to dismiss and permitted the City to amend the complaint to add a charge of reckless driving in violation of  61-8-301, MCA, or, in the alternative, careless driving in violation of  61-8-302, MCA.

A jury subsequently found Pizzola guilty of disorderly conduct and careless driving and not guilty of reckless driving. The City Court also held Pizzola in contempt on three different bases and sentenced him on September 12, 1996, to 23 days in jail, with all but 1 day suspended, a fine and costs.

On September 23, 1996, Pizzola filed a pro se notice of appeal for a trial de novo in the District Court. The District Court scheduled an omnibus hearing for November 6, 1996.

On October 18, 1996, the City moved to dismiss Pizzola's appeal with prejudice on the basis that it was not timely filed under  46-17-311, MCA, which requires that a notice of appeal be filed within 10 days after a judgment is rendered; no cases from this Court were cited in support of the motion. Because Pizzola's notice was filed 11 days after judgment and sentence were rendered by the City Court, the City contended that the District Court did not have jurisdiction to entertain the appeal.

Pizzola did not appear in person or by counsel at the scheduled omnibus hearing. The City argued that his failure to appear constituted an additional basis for dismissing the appeal. The District Court gave Pizzola additional time to respond to the motion to dismiss.

Pizzola did not respond to the City's motion and, on November 15, 1996, the District Court entered an order dismissing his appeal with prejudice "upon motion by the City of Hamilton and good cause being shown." Pizzola appeals.

Did the District Court err in dismissing Pizzola's appeal from the City Court with prejudice?

Section 46-17-311, MCA, requires that a notice of appeal to a district court for a trial de novo be filed within 10 days. We have held, however, that the 10-day period for filing such a notice of appeal excludes intermediate weekend days and legal holidays. State v. Price (1995), 271 Mont. 409, 411, 897 P.2d 1084, 1085; State v. Schindler (1994), 268 Mont. 489, 492, 886 P.2d 978, 980. Thus, pursuant to Price and Schindler, both of which had been decided at the time of the City's motion, Pizzola's notice of appeal filed on September 23, 1996, was timely and the District Court had jurisdiction to entertain it.

On appeal to this Court, the City concedes the timeliness of Pizzola's notice of appeal in the District Court, thus also conceding that no legal basis existed for its motion to dismiss Pizzola's appeal to the District Court with prejudice. The City argues, however, that Pizzola's failure to respond to its motion to dismiss constituted an admission, under Rule 2(b), Unif.Dist.Ct.R., that the motion was well taken. Consequently, according to the City, the District Court did not abuse its discretion in granting the City's motion to dismiss Pizzola's appeal. We disagree.

As noted above, the District Court dismissed Pizzola's appeal on the basis of the City's motion and "good cause being shown." We take the court's statement, together with its failure to mention Rule 2(b), to mean that the court ruled on the City's motion on the merits. As previously discussed, that ruling was incorrect as a matter of law under Price and Schindler.

Addressing the City's Rule 2(b), Unif.Dist.Ct.R., argument, that Rule provides that failure to file a brief may subject a pending motion to summary ruling. It goes on to provide that a failure by an adverse party to file an answer brief to a briefed motion within 10 days "shall be deemed an admission that the motion is well taken." Rule 2(b), Unif.Dist.Ct.R. "We have interpreted this Rule as allowing the trial court discretion to either grant or deny an unanswered motion." State v. Loh (1996), 275 Mont. 460, 466, 914 P.2d 592, 596 (citing Maberry v. Gueths (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1289).

In Maberry, the adverse party did not timely respond to a motion and the moving party argued that Rule 2(b) required that the motion be deemed well taken and granted. The district court denied the motion. Maberry, 777 P.2d at 1288. The moving party appealed, arguing--in essence--that the rule required the court to grant the

motion. We reasoned that, while the absence of a response brief to a motion "may" subject the motion to summary ruling under Rule 2(b), the rule does not require a district court to grant an unanswered motion. We reached the same result in State v. Fertterer (1993), 260 Mont. 397, 399, 860 P.2d 151, 153, holding that the district court did not abuse its discretion in denying the defendants' unanswered motion to amend their sentences and motion for summary ruling on the motion to amend.

Loh, Maberry and Fertterer all addressed situations where district courts denied unanswered motions. Our holdings in those cases clarified that district courts have discretion, under Rule 2(b), Unif.Dist.Ct.R., in deciding whether to make a summary ruling on an unanswered motion. None of those cases, however, addressed the specific situation before us in the present case. Here, the issue is whether a district court can properly grant a legally unsupported and insupportable motion to which a timely response brief has not been filed by a party. We hold that it cannot do so.

This case involves the interplay between a rule and cases which vest certain discretion in trial courts, the obligation of parties to properly support their motions with legal authority, and the obligation of courts to make rulings which are correct as a matter of law. Clearly, Rule 2(b), Unif.Dist.Ct.R., is intended--and properly so--to allow district courts to deal efficiently with ever-increasing case loads and pending motions which the parties are obligated to brief in order for the courts to make expeditious rulings. Just as clearly, however, the Rule is not intended to allow a party to obtain a favorable legal ruling on a motion which not only cites no supporting authority from this Court, but fails to cite existing authority from this Court which clearly renders the motion incorrect as a matter of law. Moreover, a "deemed admission" that a motion is well taken under Rule 2(b), Unif.Dist.Ct.R., cannot convert a motion which is incorrect as a matter of law into a motion which is well taken as a matter of law.

Finally, in this regard, while Rule 2(b) states that failure to file a brief "may" subject a motion to a summary ruling, nothing in the Rule or in our cases interpreting the Rule suggests that the summary ruling is to be based on something other than a proper application of the law to the motion at hand. Indeed, since "discretion" connotes that part of the judicial function which decides questions according to the particular circumstances of the case, uncontrolled by fixed rules of law (State ex rel. Leach v. Visser (1988), 234 Mont. 438, 447, 767 P.2d 858, 863), it is clear that a district court cannot properly exercise discretion to make an incorrect ruling on a question controlled by law.

We conclude that, pursuant to Price and Schindler, the District Court erred as a matter of law in granting the City's motion to dismiss Pizzola's appeal with prejudice.

Reversed and remanded for further proceedings consistent with this opinion.

/S/   KARLA M. GRAY

We concur:

/S/   JAMES C. NELSON
/S/   JIM REGNIER
/S/   WILLIAM E. HUNT, SR.
/S/   W. WILLIAM LEAPHART