No. 98-015

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 80


NORTHWEST COLLECTORS, INC.,

Plaintiff and Respondent,

v.

THOMAS IAN VANORIO,

Defendant and Appellant.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli,
Honorable Jeffrey H. Langton, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Thomas Ian Vanorio (pro se), Florence, Montana

For Respondents:

Samuel M. Warren, St. Peter and Warren, Missoula, Montana



Submitted on Briefs: March 13, 1998

Decided: April 14, 1998

Filed:


_____
Clerk


Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1    The Twenty-First Judicial District Court, Ravalli County, dismissed

Thomas Ian Vanorio's appeal of a judgment from Ravalli County Justice Court as untimely. Vanorio now appeals that order of dismissal to this Court. We affirm.

¶2 The issue is whether the time allowed to appeal a justice court judgment to district court under § 25-33-102, MCA, is extended by three days under Rule 6 of the Montana Justice and City Court Rules of Civil Procedure (M.J.C.C.R.Civ.P.), which provides for three days' additional time after service by mail.

¶3 On July 28, 1997, Northwest Collectors, Inc., obtained a judgment in the Ravalli County Justice Court against Vanorio for a debt and an associated collection fee. On September 2, 1997, Vanorio filed an appeal of that judgment to the District Court. In November 1997, the District Court granted the motion of Northwest Collectors to dismiss the appeal on grounds of untimeliness.

¶4 Section 25-33-102, MCA, provides:
> Any party dissatisfied with the judgment rendered in a civil action in a city or justice's court may appeal therefrom to the district court of the county at any time within 30 days after the rendition of the judgment.

In this case, Vanorio filed his appeal in the District Court thirty-five days after judgment was rendered in Justice Court.

¶5 Vanorio argues that his notice of appeal was timely because of the additional time allowed under Rule 6C, M.J.C.C.R.Civ.P.:
> Whenever a party has the right or is required to do an act or take a proceeding within a prescribed period after service of a notice or other paper and the notice or other paper is served by mail, 3 days must be added to the prescribed period.

Vanorio argues that the time for filing his notice of appeal was extended under this rule to thirty-three days after the judgment, or until Saturday, August 30, 1997. He then points out that under Rule 6A, M.J.C.C.R.Civ.P., when a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the next day. In this case, the next day was a Sunday and the next weekday, Monday, September 1, was a legal holiday. Vanorio maintains, therefore, that his appeal filed on Tuesday, September 2, 1997, was timely.

¶6 As Northwest Collectors points out, this Court has previously rejected the argument raised by Vanorio. In Grimes Motors, Inc. v. Nasciemento (1990), 244 Mont. 147, 796 P.2d 576, the district court dismissed as untimely an appeal from a justice court judgment filed thirty-two days after the judgment was rendered. Appellant Nasciemento argued that the time allowed for appeal should be extended under the rules allowing additional time after service by mail. This Court reasoned as follows:
> As indicated above, §§ 25-33-101 and 25-33-102, MCA, exclusively govern the time for filing the notice of appeal from

justice court to district court.

The time for appeal in this case commenced with the "rendition" of the judgment of the justice court as provided in § 25-33-102, MCA. Because appellant filed his notice of appeal 32 days after judgment was rendered, the District Court properly dismissed appellant's appeal.

Grimes Motors, 244 Mont. at 150, 796 P.2d at 578.

¶7 Under § 25-33-102, MCA, the time for filing an appeal does not run from the date of service of a notice of the judgment--it runs from the date of rendition of the judgment. Rule 6C, M.J.C.C.R.Civ.P., operates to extend the time allowed "[w]henever a party has the right or is required to do an act or take a proceeding within a prescribed period after service of a notice or other paper." (Emphasis added.) The rule does not extend the time allowed by statute when that time begins to run upon rendition of the judgment instead of upon service of a notice or other paper.

§8 Vanorio relies upon State v. Schindler (1994), 268 Mont. 489, 886 P.2d 978, and State v. Price (1995), 271 Mont. 409, 897 P.2d 1084, arguing that Grimes Motors has been overruled by those cases. The time for appeal of a criminal matter from justice court to district court is governed by § 46-17-311, MCA: "within 10 days after a judgment is rendered." In Schindler and Price, this Court held that Rule 21, M.U.R.J.C.C., which provides that "[w]hen the period of time prescribed or allowed is ten days or less, intermediate Saturdays, Sundays, and legal holidays shall be excluded," applied to extend the time for filing criminal appeals from justice court to district court.

¶8 This case involves application of a different statute than the one at issue in Schindler and Price, and a different rule of procedure alleged to extend the time allowed under that statute. Importantly, the procedural rule for extension of time which was applied in Schindler and Price was not limited to periods prescribed to act after service of a notice or other papers, as is the extension of time for mailing under Rule 6C, M.J.C.C.R.Civ.P. We conclude that Schindler and Price neither control in this case nor overrule Grimes Motors.

¶9 Vanorio has not established that his time for filing a notice of appeal from justice court was extended beyond thirty days after rendition of the judgment, or Wednesday, August 27, 1997. We therefore affirm the judgment of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ WILLIAM E. HUNT, SR.

/S/  JIM REGNIER