IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 08-0158

2008 MT 151

_____

RICHARD J. REEDAL, LARRY C. BARNES
and CLARA BARNES, as Members of THE
BLUE SPRUCE LODGE, LLC,

        Plaintiffs and Appellants,                  O P I N I O N

   v.                                                A N D

G. SCOTT REEDAL and LINDA REEDAL,        O R D E R
Individually and as Members of THE
BLUE SPRUCE LODGE, LLC,

        Defendants and Appellees.

_____

¶1    Before this Court are the following:  Appellees' motion to dismiss this appeal; appellees' motion for extension of time to file cross-appeal; appellants' response opposing appellees' motion to dismiss this appeal; and intervenor's reply to appellees' motion to dismiss this appeal.  Each is supported by a short memorandum of law.

¶2    Starting with their motion to dismiss this appeal, appellees claim that appellant's Notice of Appeal was not timely filed.  In that regard, it is necessary that we begin by noting that under M. R. App. P. 3:

> All time limits set forth in [the Montana Rules of Appellate Procedure] for filing documents or performing any act are actual time limits.  In order to comply with a time-specific requirement, the document must be filed or the act performed on or before the last day of the time specified.  In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be

included, but the last day of the period shall be included. No additional time may be added to any such time requirement for mailing or transmitting any document and all weekends and holidays are included in the times specified; provided, however, that if the last day of the time limit falls upon a weekend or holiday, then the time limit is extended to the next business day. All documents must be filed in the office of the clerk of the supreme court between 8:00 a.m. and 5:00 p.m. on business days.

We also observe that under M. R. App. P. 10(1)a.:

> Papers required or permitted to be filed must be placed in the custody of the clerk of the supreme court within the time fixed for filing. Filing may be accomplished by mail addressed to the clerk of the supreme court, but filing shall not be timely unless the papers are actually received within the time fixed for filing. Procedural motions may be filed by facsimile between 8:00 a.m. and 5:00 p.m. on business days, provided the original document is filed with the clerk within 5 business days of the receipt of the facsimile; otherwise, the filing will be treated as void.

¶3 Appellees' motion to dismiss states that their notice of entry of the trial court's judgment was filed and served on February 25, 2008. Exhibit "B" to their motion substantiates this statement. Appellants, thus, had 30 days from the service of filing of the Notice of Entry of Judgment, without time added for mailing, in which to file their appeal. M. R. App. P. 3 and 4(5)a.i. After some apparent confusion about where their Notice of Appeal was required to be filed, *see* M. R. App. P. 4(5)a.i., appellants faxed their Notice of Appeal to the Clerk of the Supreme Court's office on March 25, 2008, a Tuesday. Appellants then filed the hard copy of their Notice of Appeal on March 27, 2008, a Thursday. Appellees contend that appellants' Notice of Appeal was time barred by not being filed within the 30 days allowed by M. R. App. P. 4(5)a.i. Appellants argue that under M. R. App. P. 10(1)a., the faxing of their Notice of Appeal on March 25, 2008, to the Clerk of the Supreme Court, plus posting the hard copy of their Notice of Appeal in

2

the mail on March 26, 2008, and the subsequent receipt of the hard copy and filing of the Notice of Appeal by the Clerk of this Court on March 27, 2008, taken together, complied with the 30-day filing requirement. We disagree with appellants' arguments.

¶4 Under M. R. App. P. 4(5)a.i. and 10(1)a., appellants were required to actually file the hard copy of their Notice of Appeal in the office of the Clerk of the Supreme Court on or before 30 days from service of the Notice of Entry of Judgment (without time added for mailing, M. R. App. P. 3). Since the Notice of Entry of Judgment was filed and served February 25, 2008, the filing clock started to run the following day; that is, on February 26, 2008. Thus, day 30, the final day for filing the Notice of Appeal, fell on March 26, 2008. M. R. App. P. 3.

¶5 Appellants' faxing of their Notice of Appeal on March 25, 2008, was not a permitted or effective fax-filing under M. R. App. P. 10(1)a. A notice of appeal is not a "procedural motion"[1] for which fax filing is permitted under this Rule. A motion is a written or oral application requesting a court to make a specific ruling or order. *Black's Law Dictionary* 1031 (Bryan A. Garner ed., 7th ed., West 1999). A notice of appeal, however, is a document filed with a court and served on the other parties, stating an

---

[1] *See* M. R. App. P. 16. Also, and solely in the interest of completeness, we note *State v. Schindler*, 268 Mont. 489, 886 P.2d 978 (1994), in which we referred to the fact that the appellant had filed her notice of appeal by facsimile from a justice court proceeding for trial de novo in district court. *Schindler*, 268 Mont. at 490, 886 P.2d at 979. We determined, however, that the actual notice of appeal was timely filed and that the "parties' arguments about the date and time the fax was sent, received, or filed are irrelevant." *Schindler*, 268 Mont. at 492, 886 P.2d at 980. We did not address the issue of whether notices of appeal could be filed by facsimile in this Court, much less did we interpret specific language that limited the filings allowed to be filed by fax to "procedural motions."

intention to appeal a trial court's judgment or order; it is the act by which the appeal is perfected. *Black's Law Dictionary* at 1089; *see also* M. R. App. P. 5. Moreover, the date that appellants "posted" the hard copy of their Notice of Appeal in the mail to the Clerk of the Supreme Court's office is immaterial. Papers required to be filed in this Court are not "timely unless the papers are actually received within the time fixed for filing." M. R. App. P. 10(1)a. Accordingly, it follows that appellants' actual filing of their Notice of Appeal on March 27, 2008, was one day late and was, therefore, not timely filed. Appellants' appeal must be dismissed with prejudice to the merits. *See Mountain West Bank v. Western Skys Ltd.*, 2008 MT 54, 341 Mont. 448, 177 P.3d 1052 (petition to file an out-of-time appeal denied where notice of appeal was misfiled in the district court and not timely filed in the office of the Clerk of the Supreme Court); M. R. App. P. 19(2) (unless otherwise ordered, dismissal of an appeal is with prejudice and constitutes a final judgment of the Supreme Court).

¶6     We next turn to the intervenor. Intervenor's reply in opposition to appellees' motion to dismiss this appeal advances an argument separate from appellants' argument. At the outset, we note that we are not able to determine from the limited record before us the identity of intervenor. Intervenor claims that its motion to intervene was granted on January 16, 2007. Assuming, on that representation, that intervenor is a party in this case, the identity of intervenor is not included in the case caption, and nothing in the record in the Clerk of the Supreme Court's office sheds light on who intervenor is. That said, intervenor has a more fundamental problem. The record in the Clerk of the Supreme Court's office discloses that intervenor did not file a separate notice of appeal.

4

This omission is fatal. Under M. R. App. P. 2(1), an intervenor is a party to the proceedings before this Court and, as a party, shall be referred to as such in the caption of and the signature block of the documents filed with this Court. More to the point, M. R. App. P. 4(2)a. provides that "[a]n appeal is taken by timely filing a notice of appeal in the office of the clerk of the supreme court substantially complying with Form 1 . . . along with the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in . . . Form 3." Additionally, M. R. App. P. 4(2)c. provides that "[e]xcept where the supreme court grants an out-of-time appeal under section (6) of this rule, the timely filing of a notice of appeal or cross-appeal is required in order to invoke the appellate jurisdiction of the supreme court." Given that intervenor failed to file its own notice of appeal, it may not invoke the appellate jurisdiction of this Court— with the result that whatever claims it might have had are not before this Court in this cause. We decline to consider further intervenor's separate argument in opposition to appellees' motion to dismiss. *See also Clark Fork Coalition v. Dep. of Envir. Qua.*, 2007 MT 176, ¶ 17, 338 Mont. 205, ¶ 17, 164 P.3d 902, ¶ 17 (intervenor is required "to monitor the litigation and file a timely appeal following entry of the judgment.").

¶7 Because we are granting appellees' motion to dismiss, we do not reach or address the merits of their motion for extension of time to file a cross-appeal. Therefore,

IT IS ORDERED that appellees' motion to dismiss appeal is GRANTED. This cause is DISMISSED as to appellants and intervenor with prejudice to the merits.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order to all counsel of record.

5

Dated this 29th day of April, 2008.

/S/ JAMES C. NELSON

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER