DA 12-0338

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 43N

CITY OF MISSOULA,

      Plaintiff and Appellee,

  v.

HAMED CHOWDHURY,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 12-106
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Hamed Chowdhury (self-represented); Lolo, MT

      For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant Attorney General; Helena, MT

          Gary L. Henricks, Missoula City Attorney; Missoula, MT

Submitted on Briefs:   December 19, 2012
Decided:   February 21, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant, Hamed Chowdhury (Chowdhury), appeals the District Court's dismissal of his unperfected appeal from Municipal Court for convictions of theft and criminal mischief. We affirm.

¶3      Chowdhury was charged with theft and criminal mischief in Missoula County Municipal Court. He pled not guilty, requested a bench trial, and requested representation by a Public Defender, which was granted. A bench trial was scheduled for May 20, 2011, and Chowdhury failed to appear. The State moved to try Chowdhury *in absentia.* Chowdhury's Public Defender lawyer reported to the court that he had been discharged because Chowdhury wished to proceed *pro se.* The court noted that notice of trial had been mailed to Chowdhury and had not been returned, and, therefore granted the State's motion. Chowdhury was convicted *in absentia.* On May 30, 2011, Chowdhury filed a notice of appeal, with a Municipal Court heading, with the district court clerk. Nothing was filed with the Municipal Court, thus the Municipal Court did not transmit the case file to the District Court within the required 30 days. Ultimately, the Municipal Court case file was transmitted to the District Court, and the District Court dismissed the appeal for failure to properly perfect the appeal.

¶4     In a Municipal Court appeal, the District Court's review is limited to the record and questions of law. Section 3-6-110, MCA. The procedural requirements for appeal are found in § 46-17-311, MCA, and Title 25, chapter 30, MCA, (M. U. Mun. Ct. R. App.). Notice of intention to appeal must be filed with the Municipal Court within 10 days after a judgment is rendered. M. U. Mun. Ct. R. App. 5(b)(3); § 46-17-311(2), MCA. Unless a party timely complies with these statutory requirements the District Court does not acquire jurisdiction of the appeal, and the District Court has no other course but to dismiss the appeal. *State v. Hartford*, 228 Mont. 254, 256-57, 741 P.2d 1337, 1338 (1987). Here the District Court determined that Chowdhury's failure to perfect his appeal was caused by his own conduct and correctly dismissed the appeal.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶6     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE