JUSTICE NELSON
delivered the Opinion of the Court.
¶1 Ronald Allan Clark appeals from the order of the District Court for the Eighteenth Judicial District, Gallatin County, dismissing his appeal from the Bozeman Municipal Court. We affirm.
BACKGROUND
¶2 On July 7, 2005, Clark was cited by a City of Bozeman police officer with operating a motor vehicle without proof of insurance, second offense, a misdemeanor, in violation of § 61-6-302, MCA. He pleaded not guilty at his initial appearance in Municipal Court on July 21, 2005. Following four continuances, three of which were requested by Clark, the court set a bench trial for June 12, 2006. Clark failed to appear for trial on this date, and the court tried and convicted him in absentia.
¶3 After finding Clark guilty, the court solicited a sentencing recommendation from the prosecutor. Thereupon, the court stated that “the sentence of the court” was 6 months in the Gallatin County Detention Center, all suspended, a $450 fine, and $120 in costs. In addition, the court listed a number of conditions on “the sentence imposed this afternoon.” Finally, the court required Clark to surrender to the Department of Motor Vehicles, for a period of 90 days, the license plates and registration of the vehicle he had been driving. The court’s written sentencing order, dated June 12, 2006, is identical to the court’s oral sentence.
¶4 Also on June 12, 2006, the Municipal Court issued a bench warrant due to Clark’s failure to appear. The bench warrant was served in Missoula on or about July 11, 2006, and Clark appeared before the Municipal Court on July 14, 2006. At this time, the court informed Clark of “the sentence that was imposed” on June 12 (emphasis added). However, in explaining the 90-day suspension of the license plates and registration, the court stated that the vehicle Clark had been driving “cannot be operated for 90 days once this sentence is imposed, which is now, today, even though this occurred on June 12th.... You didn’t know about it, so it’s imposed today” (emphasis added). Furthermore, the court informed Clark that “any period of appeal that might exist begins to run from today.” In this regard, we note that the Uniform Municipal Court Rules of Appeal to District Court (“U.M.C.R.App.”; see Title 25, Chapter 30, MCA) provide that an appeal from a judgment in a criminal case shall be taken by filing a timely notice of appeal in the municipal court “within 10 days” (not including intermediate Saturdays, Sundays, and legal holidays). *82 U.M.C.R.App. 4(a), 5(b)(3), 20(a); see also § 46-17-311(2), MCA.
¶5 Clark, proceeding pro se, filed a combined Notice of Appeal and Request for Public Defender on July 28, 2006-46 days after the Municipal Court found him guilty and first announced his sentence, and 10 business days after he appeared on the bench warrant and was informed of the sentence. The Municipal Court transferred the file to District Court on August 15, 2006. That same day, the District Court gave notice that it had received the file and that, pursuant to U.M.C.R.App. 14(a), Clark had 15 days in which to file a brief. Notwithstanding, on August 21, 2006, the District Court sua sponte issued an order dismissing Clark’s appeal on the ground that his appeal from the Municipal Court was untimely.
¶6 Clark, now represented by counsel, appeals from the District Court’s order.
ISSUE
¶7 The sole issue raised by Clark is whether the District Court erred in its determination that Clark’s appeal from the Municipal Court was untimely.
STANDARD OF REVIEW
¶8 To determine whether Clark’s appeal was untimely, it is necessary to determine when Clark’s sentence was imposed by the Municipal Court. This latter determination involves the application of controlling legal principles to undisputed factual circumstances. As such, it is a mixed question of law and fact, which we review de novo. See State v. Warclub, 2005 MT 149, ¶¶ 21, 23, 327 Mont. 352, ¶¶ 21, 23, 114 P.3d 254, ¶¶ 21, 23. Similarly, the interpretation and construction of a rule of procedure is a matter of law, which we review de novo, determining whether the court’s interpretation and construction of the rule is correct. Miller v. District Court, 2007 MT 149, ¶ 22, 337 Mont. 488, ¶ 22, 162 P.3d 121, ¶ 22.
DISCUSSION
¶9 Did the District Court err in its determination that Clark’s appeal from the Municipal Court was untimely?
¶10 An appeal from a municipal court in a criminal case may be taken only from a final judgment of conviction and orders after judgment. U.M.C.RApp. 5(b)(2); § 46-20-104(1), MCA. A judgment is not “final” until the sentence is pronounced by the court. Section 46-1-202(11), MCA; see also State v. Bonamarte, 2006 MT 291, ¶ 6, 334 Mont. 376, ¶ 6, 147 P.3d 220, ¶ 6. The oral pronouncement of sentence *83 is the legally effective sentence. State v. Lane, 1998 MT 76, ¶ 40, 288 Mont. 286, ¶ 40, 957 P.2d 9, ¶ 40. However, the period for filing the notice of appeal runs from the date on which the court enters the written judgment and sentence following oral pronouncement. See Bonamarte, ¶ 9.[1] Lastly, as noted above, an appeal from a municipal court judgment in a criminal case must be taken within 10 days (not including intermediate Saturdays, Sundays, and legal holidays) after the judgment and sentence are entered. U.M.C.R.App. 4(a), 5(b)(3), 20(a).
¶11 The parties do not dispute these rules, nor do they dispute that Clark’s notice of appeal was filed within 10 business days after July 14, 2006. Rather, they disagree as to what date the period for filing Clark’s notice of appeal began to run. More specifically, they disagree as to when the Municipal Court’s final judgment was entered.
¶12 Clark contends that his sentence was orally pronounced on July 14,2006, when he appeared on the bench warrant. He points out that the Municipal Court explicitly stated that it was imposing sentence that day. He acknowledges that the court, at one point, referred to the sentence previously announced on June 12 as “the sentence that was imposed,” but he maintains that what the court meant was that it had “determined” the terms of his sentence on June 12 and that it was “imposing” that sentence as of July 14. Moreover, he points out that the Municipal Court specifically told him that “any period of appeal that might exist begins to run from today”-i.e., from July 14, 2006. Thus, Clark maintains that his sentence was not entered until July 14 and, thus, that his time for filing his notice of appeal began to run on that date.
¶13 In response, the State insists that oral pronouncement of sentence occurred on June 12, 2006. The State points out that the Municipal Court did not issue an order following Clark’s conviction “setting a sentencing hearing or otherwise reserving sentence for the personal appearance of Clark.” The State also points out that “ £[i]n all misdemeanor cases, the verdict may be returned and the sentence imposed without the defendant being present’ ” (emphasis added; quoting § 46-16-123(1), MCA). Thus, the State maintains that Clark’s *84 sentence was pronounced in open court on June 12 “regardless of whether Clark was informed of the sentence at the time.” As for Clark’s July 14, 2006 appearance in the Municipal Court, the State contends that this hearing was “as a result of a bench warrant” and was “not, in name, form, or substance, a ‘sentencing hearing.’ ” In addition, the State asserts that the Municipal Court “was without authority to extend the rules of procedure and allow additional time for Clark to appeal his sentence.”
¶14 A critical issue is readily apparent from the parties’ arguments and the facts of this case. Clark contends that his sentence was not imposed until he appeared in court on July 14,2006, whereas the State contends that his sentence was imposed in his absence on June 12, 2006. Thus, in determining the legally effective date of Clark’s sentence, the question arises as to whether a defendant can lawfully be sentenced in absentia on a misdemeanor offense. In this regard, we note that this Court held in Lane that “the sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and valid, final judgment.” Lane, ¶ 40 (emphasis added). This holding rested on a number of considerations. We noted that a criminal defendant has a constitutional right to be present in the courtroom when his sentence is pronounced. See Lane, ¶ 31. Furthermore, we observed that a number of Montana statutes-namely, §§ 46-16-121(1), 46-16-123(2), and 46-18-115, MCA-implement this constitutional right by requiring the defendant’s presence at sentencing and by giving him an opportunity to respond before the trial court imposes the sentence. See Lane, ¶¶ 32-33. Yet, §§ 46-16-121(1) and -123(2), MCA, are specific to felonies; and in contrast to these two statutes, § 46-16-123(1), MCA, authorizes the sentencing of a defendant in absentia on a misdemeanor offense. Clark has not challenged § 46-16-123(1), MCA, in light of Lane; therefore, we will assume, for purposes of this case, that Clark could lawfully be sentenced in absentia. Our holding herein should not be construed as expressing an opinion either way on this question.
¶15 Given this assumption, we agree with the State that the Municipal Court pronounced a legally effective sentence immediately following Clark’s conviction on June 12, 2006. The court did not set a sentencing hearing or otherwise suggest that it would impose sentence once Clark appeared on the bench warrant. Rather, the audio recording of the June 12 proceeding establishes that the court solicited a sentencing recommendation from the prosecutor and, immediately thereafter, announced the specifics of Clark’s sentence. Among other things, the court ordered that Clark comply with “the conditions of the sentence imposed this afternoon” (emphasis added). That same day, *85 the court entered a written sentencing order which contained terms identical to the court’s oral sentence. There is no indication anywhere in the record of the events of June 12 that the court was postponing pronouncement of Clark’s sentence until he appeared on the bench warrant.
¶16 Indeed, even at the outset of the July 14 hearing, the court informed Clark of “the sentence that was imposed” on June 12 (emphasis added). It was not until the court explained the 90-day suspension of the license plates and registration that the court stated it was imposing Clark’s sentence “now, today, even though this occurred on June 12th.” The court reasoned that Clark “didn’t know about it, so it’s imposed today”; however, this attempt to vacate and reimpose the sentence pronounced on June 12 was legally ineffective. As the State points out, once a valid sentence has been pronounced, the court imposing that sentence has no authority to modify or change it, except as provided by statute. See State v. Megard, 2006 MT 84, ¶ 17, 332 Mont. 27, ¶ 17, 134 P.3d 90, ¶ 17 (citing State v. Fertterer, 260 Mont. 397, 400, 860 P.2d 151, 154 (1993)). Section 46-18-116, MCA, sets forth grounds for modifying or correcting a sentence or judgment, but none of them applies here.
¶17 Given these facts, we hold that Clark’s sentence was pronounced and entered on June 12, 2006. Accordingly, pursuant to U.M.C.R.App. 4(a), 5(b)(3), and 20(a), Clark had until June 26, 2006, to file his notice of appeal. He filed his notice of appeal on July 28, 2006. Accordingly, we conclude that the District Court did not err in its determination that Clark’s appeal from the Municipal Court was untimely.
¶18 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES WARNER, COTTER, LEAPHART, RICE and NELSON concur.

 Clark and the State both rely on State v. Mortenson, 175 Mont. 403, 574 P.2d 581 (1978), for the proposition that the period for filing a notice of appeal runs from the date on which the court orally renders judgment in open court. See Mortenson, 175 Mont. at 405, 574 P.2d at 582; see also State v. Tweedy, 277 Mont. 313, 316-17, 922 P.2d 1134, 1135-36 (1996). While this may have been true at the time Mortenson and Tweedy were decided, it is no longer a correct statement of the law. See Bonamarte, ¶ 9.