FILED

03/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0414

DA 16-0414

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 67

IN RE THE MARRIAGE OF:

MICHAEL ANDREW ESTES,

Petitioner and Appellant,

v.

BEVERLY SUE ESTES,

Respondent and Appellee.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. BDR-2015-529
Honorable DeeAnn Cooney, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David B. Gallik, Gallik Law Office, PLLC, Helena, Montana

For Appellee:

Barbra Burleigh, Burleigh Law Firm, PLLC, Helena, Montana

Submitted on Briefs:  January 18, 2017

Decided:  March 28, 2017

Filed:

Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Michael Andrews Estes (Michael) appeals from the Findings of Fact, Conclusions of Law, and Decree of Dissolution entered June 17, 2016, by the First Judicial District Court, Lewis and Clark County. We affirm.

¶2 Michael presents the following issues for review:

1. *Whether the District Court abused its discretion by excluding premarital property from the marital estate.*

2. *Whether the District Court abused its discretion in apportioning the marital estate.*

3. *Whether the District Court abused its discretion by denying Michael maintenance.*

4. *Whether the District Court abused its discretion by denying Michael attorney fees.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Michael and Beverly Sue Estes (Beverly) were married on September 14, 2002. Both had been married previously. Relevant here, upon Beverly's dissolution in 1999 to her previous husband, Beverly was awarded multiple financial accounts and Dana's Point, a waterfront residence on Hauser Lake that she and her previous husband had built and in which she currently resides. Dana's Point, along with 127.5 acres, was awarded to Beverly in lieu of her share in the business Beverly and her former husband had built. The property was owned by Beverly at the time of her marriage to Michael and had no debt attached to it prior to or during the parties' marriage. Beverly, who is 60 and retired, is dependent upon the income from the financial accounts she acquired as a result of her

2

prior dissolution, which are in excess of $400,000. Beverly's income from these accounts varies; however, in 2015 it was $36,674.

¶4 When Michael and Beverly first met, Beverly was residing at Dana's Point and Michael was residing in a trailer. Michael's past employment history was that of a laborer in the building trades. He did not work year round and would collect unemployment during the time he was off. Between the time the parties were married in 2002 and until 2007, Michael estimates he earned between $20,000 and $22,000 annually. The District Court found that Michael's testimony regarding employment after 2007 could not be given much weight since "[he] testified he either could not recall or would 'guess' in response to questioning." Beverly alleges Michael stopped working full time at 55 years of age, which would have been in 2008. Michael currently continues to work sporadically for Myron Laib, on a cash basis, doing handyman work. Michael receives $1,175 per month in Social Security.

¶5 Upon their marriage, Beverly paid off the remaining $15,000 owed on the trailer Michael was living in. Michael and Beverly decided to sell the trailer and that Michael would move in with Beverly at Dana's Point. Their combined income was approximately $50,000 a year. While married to Beverly, Michael gave Beverly his paychecks to help pay monthly bills. Beverly separately maintained her investments in her existing premarital accounts, except that she used income from a premarital D.A. Davidson account to start a D.A. Davidson IRA and a Roth IRA in Michael's name. At the time of Michael and Beverly's dissolution, these two IRAs were valued at $83,000. The District

3

Court found that "Michael did not take any discernable steps to insure for his future during his work life" and that "[i]t is as a result of the marriage and the actions by Beverly that Michael now has two separate retirement accounts from which to augment his Social Security."

¶6 In 2014, Michael was diagnosed with lung cancer. Although at the time of trial Michael's previous treatments appeared successful and no further treatment was scheduled, there was no evidence presented that Michael was cancer-free. Beverly is in good health.

¶7 In June of 2015, Beverly asked Michael to move out of Dana's Point. When Beverly asked Michael to leave, he left with $7,000 cash and a motorhome valued at over $15,000. Since that time, Michael has lived in the motorhome in Montana. After the separation, Michael's mother in Arizona also gave him a motorhome so that when the weather in Montana prevents Michael from continuing to reside in the Montana motorhome, he resides in the Arizona motorhome. The Arizona motorhome was not valued at trial because Michael failed to disclose its existence.

¶8 Michael filed for dissolution on September 10, 2015. A hearing was held April 27, 2016. On June 17, 2016, the District Court issued its Findings of Fact, Conclusion of Law, and Decree of Dissolution. The District Court awarded Michael all of his personal property; the Montana motorhome; the $7,000 cash he left with when the parties separated; the Canyon Ferry property which had been gifted jointly to the parties and valued at $11,000; a Helena Credit Union account, valued at $9,021; 50% of a

4

Helena Credit Union account that was jointly held, approximately $528.52; 25% of a D.A. Davidson IRA jointly held, approximately $9,127; both of the IRA accounts in his name; and all the vehicles in his possession. Finally, Michael was awarded a cash payment of $5,500 for his 50% interest in the value of the parties' recreational vehicles. Beverly was awarded the remainder of the estate; including multiple vehicles, various premarital accounts totaling $408,139, and all of the interest in the Dana's Point residence.

¶9 The District Court also considered Michael's request for maintenance and found that Michael had sufficient assets and income to provide for his needs. The court noted that Beverly's annual income of approximately $36,674 was adequate to pay her own expenses, but insufficient to pay Michael's. The court found that Michael has $1,175 per month in Social Security and listed only $824 per month in living expenses. The court determined Michael was able to augment his income with the $83,000 in the IRA accounts that Beverly funded with premarital funds and, additionally, that Michael was able to work as a handyman, if he chose. The District Court also found the parties should be responsible for their attorney fees.

¶10 Michael timely appealed the District Court's Findings of Fact, Conclusions of Law, and Decree of Dissolution.

## STANDARD OF REVIEW

¶11 "A district court's interpretation of a statute is a conclusion of law that we review de novo for correctness." *In re Marriage of Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270

P.3d 39. A district court's division of marital property is reviewed to determine whether the court's findings of fact are clearly erroneous and the conclusions of law are correct. "Absent clearly erroneous findings, we will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion." *Funk*, ¶ 6 (citing *In re Marriage of Spawn*, 2011 MT 284, ¶ 9, 362 Mont. 457, 269 P.3d 887).

¶12 "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence or if, upon reviewing the record, this Court is left with the definite and firm conviction that the district court made a mistake." *In re L.H.*, 2007 MT 70, ¶ 13, 336 Mont. 405, 154 P.3d 622.

¶13 "[E]ach case must be looked at individually, with an eye to its unique circumstances." *Spawn*, ¶ 9. Further, § 40-4-202, MCA, controls the distribution of the entire marital estate. We have stated "the factors listed in [§] 40-4-202, MCA, must be considered and referred to in the court's findings and conclusions and there must be competent evidence presented on the values of the property." *In re Marriage of Collett*, 190 Mont. 500, 504, 621 P.2d 1093, 1095 (1981).

## DISCUSSION

¶14 *1. Whether the District Court abused its discretion by excluding premarital property from the marital estate.*

¶15 Section 40-4-202, MCA, obligates a court to equitably apportion between the parties all assets and property of either or both spouses, regardless of by whom and when acquired. *Funk*, ¶ 19. Section 40-4-202 (1), MCA, provides, in part:

6

In a proceeding for dissolution of a marriage, . . . the court, without regard to marital misconduct, shall, . . . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title to the property and assets is in the name of the husband or wife or both.

We held in *Funk* that when distributing pre-acquired property the court must consider the contributions of the other spouse to the marriage and take into consideration the factors set forth at § 40-4-202(1)(a)-(c), MCA. *Funk*, ¶ 19. Those sections require that:

In dividing property acquired prior to the marriage . . . the court shall consider those contributions of the other spouse to the marriage, including:
(a) the nonmonetary contribution of a homemaker;
(b) the extent to which the contributions have facilitated the maintenance of the property; and
(c) whether or not the property division serves as an alternative to maintenance arrangements.

Section 40-4-202(1)(a)-(c), MCA.

¶16 We explained in *Funk* that the court's decision with respect to pre-marital assets must reflect that each of these factors has been considered. *Funk*, ¶ 19. However, we stressed that the factors are not limitations or constraints on the court's overriding obligation and authority to equitably apportion all assets and property of either or both spouses based upon the unique factors of each case. *Funk*, ¶ 19.

¶17 Michael argues the District Court abused its discretion by excluding Beverly's premarital assets. However, the District Court did not exclude Beverly's premarital property. It is clear from the District Court's order that it adequately considered all the property Beverly brought into the marriage, including real property, vehicles, and multiple investments accounts. The District Court valued the marital estate; considered

7

the needs and employability of the parties; considered many other relevant circumstances of the parties; and determined that Beverly had brought substantial assets to the marriage, to which Michael made little or no contribution towards maintaining. In fact, the court determined that had it not been for Beverly's efforts in making contributions to Michael's IRA accounts, Michael would have no other income in retirement except for his Social Security. Based on this evidence, the District Court concluded it would be inequitable to award a portion of these pre-marital assets to Michael. The District Court's failure to specifically identify Beverly's premarital property as part of the marital estate is not inconsistent with its award of those assets to Beverly, given that the court discussed the assets thoroughly and determined Michael made no contribution towards their maintenance. We conclude the District Court adequately considered all of the statutory factors set forth at § 40-4-202 (1)(a)–(c), MCA, and did not abuse its discretion in finding that Michael made no contribution towards maintenance of those premarital assets.

¶18   2. *Whether the District Court abused its discretion in apportioning the marital estate.*

¶19   Michael argues that distribution of the marital estate was inequitable because, as Michael calculates, he was awarded approximately 9% of the estate while Beverly was awarded 91%. We have repeatedly emphasized that "an equitable award does not mean an equal award." *Richards v. Trusler*, 2015 MT 314, ¶ 31, 381 Mont. 357, 360 P.3d 1126. Michael's argument that the distribution of the marital estate was inequitable is again premised on his belief that Beverly's premarital assets were not included by the court in the marital estate. As we have concluded, those assets were considered, as well

8

as Michael's contribution towards their maintenance. The District Court considered the factors required by § 40-4-202(1), MCA, and awarded significantly less of the estate to Michael because Beverly brought significantly more pre-marital assets to the marriage and Michael made little or no contribution towards their maintenance.

¶20 Michael nonetheless argues that he made nonmonetary contributions to the Dana's Point residence in excess of $95,000 by making improvements to the home. Ultimately, however, Michael admitted that many of the improvements he purportedly made were not supported with sufficient evidence, particularly in that some expenses were duplicated. In resolving these issues, the District Court considered the credibility of the witnesses and the value of the evidence produced and determined that Michael made nonmonetary contributions with a value of $20,000 to Dana's Point.

¶21 Based on the record and the court's findings, we conclude the District Court did not abuse its discretion in apportioning the marital estate. It was the second marriage for each party and lasted approximately thirteen years. The District Court awarded Michael substantially less of the estate because the estate's value was largely attributable to Beverly's premarital assets, to which Michael made no contributions towards maintaining.

¶22 *3. Whether the District Court abused its discretion by denying Michael maintenance.*

¶23 Section 40-4-203, MCA, sets forth the factors to be determined by a court in awarding maintenance and provides, in relevant part:

9

(1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage . . . the court may grant a maintenance order for either spouse *only if* it finds that the spouse seeking maintenance:

> (a) lacks sufficient property to provide for the spouse's reasonable needs; and

> (b) is unable to be self-supporting through appropriate employment

(Emphasis added.) Michael has failed to demonstrate that he meets the requirements of the statute.

¶24 Michael's current monthly expenses are $824 and he receives $1,175 a month from Social Security. Also, based on the IRA accounts distributed to Michael, he can expect an additional $500 per month. The District Court found, and Michael does not dispute, that he can supplement his income by working as a handyman. Accordingly, the District Court considered all of the particular circumstances of the parties within the context of the factors set forth in 40-4-203, MCA, and concluded that maintenance was not appropriate. Absent a finding pursuant to the statute that Michael (1) lacked sufficient property to provide for his reasonable needs, and (2) is unable to be self-supporting through appropriate employment, the District Court did not abuse its discretion when it denied Michael's request for maintenance.

¶25 *4. Whether the District Court abused its discretion by denying Michael attorney fees.*

¶26 Michael contends the District Court abused its discretion by denying him attorney fees. The premise of his argument is that the District Court failed to analyze, or make any factual findings regarding the basis for its determination that Michael is able to pay his attorney fees. However, Michael did not present any evidence that he needed help

10

paying his attorney. Nor did Michael present any evidence as to the amount of, or reasonableness, of his attorney fees. "This Court has held that an appropriate attorney fee awarded pursuant to § 40-4-110, MCA, is one which is: (1) based on necessity; (2) reasonable; and (3) based on competent evidence." *Pfeifer v. Pfeifer*, 282 Mont. 461, 466, 938 P.2d 684, 687 (1997). Here, Michael has failed to present any evidence in support of the requisite factors.

¶27 The District Court did not abuse its discretion when it declined to award Michael attorney fees based solely on his request for maintenance without producing any supporting evidence.

## CONCLUSION

¶28 The judgment of the District Court is affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ BETH BAKER

11