FILED

11/14/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0011

DA 17-0011

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 281N

IN RE THE MARRIAGE OF:

JANINE MILLER,

Petitioner and Appellant,

and

SAXON POLICH,

Respondent and Appellee.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDR-13-598(a)
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Roberta Cross Guns, Attorney at Law, Ulm, Montana

For Appellee:

Saxon Polich, Self-Represented, Ulm, Montana

Submitted on Briefs:  October 11, 2017

Decided:  November 14, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Janine Miller (Miller) appeals from an Eighth Judicial District Court Findings of Fact, Conclusions, of Law, Decree of Dissolution, and Final Parenting Plan. We affirm.

¶3 The marriage between Miller and Saxon Polich (Polich) was dissolved pursuant to a decree issued in December 2016. Miller and Polich have three children together. This case has a long procedural history, including proceedings in other courts. Numerous motions were filed and hearings held regarding the care for these children. Miller has made several abuse allegations against Polich and his family members. Polich contends Miller has abused the system, and argues she is abusive to him and the children as well. The District Court eventually required Miller and Polich to communicate through Our Family Wizard and exchange their children at the Great Falls Police Department. An interim parenting plan was adopted.

¶4 The District Court's dissolution decree and order included a thirteen-page Final Parenting Plan for the three children. The plan provided that the children reside equally with Miller and Polich, spending alternating weeks, holidays, and birthdays with each parent. Miller contests the parenting plan on appeal, alleging there is significant evidence

2

showing that she experienced domestic abuse by Polich and the children's overnight visits with Polich are not in the best interest of the children.

¶5     The decree and order also included a final property distribution. The parties, through mediation, stipulated to the division of the property. Miller requested a portion of the $10,000 profit from the sale of the family home. The District Court denied that specific request indicating the home sale profit was equitably offset by other payments made by Polich for things such as cars and insurance. On appeal Miller alleges the District Court abused its discretion by failing to properly quantify and consider Miller's contributions to the marital estate, allowing Polich to abuse Miller by withholding assets.

¶6     A district court has broad discretion when considering the parenting of a child, and we presume that the court carefully considered the evidence and made the correct decision. *In re Parenting of C.J.*, 2016 MT 93, ¶ 13, 383 Mont. 197, 369 P.3d 1028. We review a district court's findings of fact in a dissolution proceeding to determine whether they are clearly erroneous. *In re Marriage of Crilly*, 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *In re Marriage of Estes*, 2017 MT 67, ¶ 12, 387 Mont. 113, 391 P.3d 752. Absent clearly erroneous findings, we will not disturb a court's decision regarding parenting plans and division of property unless there is an abuse of discretion. *In re C.J.*, ¶ 13; *In re Marriage of Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270 P.3d 39.

¶7     When determining a parenting plan, a district court must consider the best interest of the child by reviewing the factors listed in § 40-4-212, MCA.  Although this Court encourages district courts to make specific findings on each relevant statutory factor, we require only that the district court make findings sufficient for this Court to determine whether the district court considered the statutory factors and made its ruling on the basis of the child's best interests.  *In re Marriage of Woerner*, 2014 MT 134, ¶ 15, 375 Mont. 153, 325 P.3d 1244.

¶8     The District Court did not err in awarding fifty-fifty custody and allowing overnight visitation in the parenting plan.  Miller alleges substantial evidence supports her argument that the parenting plan is not in the best interests of the children and that the District Court misapprehended such evidence.  However, when there is conflicting evidence, it is not this Court's role to second-guess the fact-finding function of the district court, because a district court is in a better position to resolve child custody issues.  *In re Marriage of McKenna*, 2000 MT 58, ¶ 17, 299 Mont. 13, 996 P.2d 386.  There is substantial credible evidence supporting the District Court's decision.  The findings in the interim and final parenting plans set forth the essential and determining facts upon which the District Court rested its conclusion on the custody issue.  The District Court considered all relevant statutory factors pursuant to § 40-4-212, MCA, in both the interim and final parenting plans.

¶9     When dissolving a marriage and distributing property, a district court must consider a list of factors pursuant to § 40-4-202, MCA.  One factor includes the contribution of a spouse as a homemaker to the family unit.  Section 40-4-202(1), MCA.

A district court is required to distribute the marital estate equitably, which does not always mean equally. *Richards v. Trusler*, 2015 MT 314, ¶ 11, 381 Mont. 357, 360 P.3d 1126. This Court grants a district court broad discretion in its determination of what is equitable. *In re Funk*, ¶ 6.

¶10 The District Court did not err in its distribution of Miller and Polich's marital assets. Miller alleges the District Court (1) should have awarded her a portion of the $10,000 sale of the family home; (2) failed to value Miller's homemaker contributions to the marriage; and (3) is allowing "Saxon to continue to abuse [Miller] through the withholding of assets, including money." It was not error to deny Miller's request for the home sale profits; the District Court found the profits were offset by other payments made by Polich during the marriage. Miller has not established that the District Court erroneously failed to consider the other factors she raised. The District Court's findings of fact were supported by substantial evidence. We hold that the District Court equitably distributed the marital assets between Miller and Polich.

¶11 Based on our review of the record, we hold that Miller has failed to show that the District Court's findings are clearly erroneous, that the court misapprehended the evidence, or that a clear mistake was made. The District Court did not abuse its discretion in its Findings of Fact, Conclusions of Law, Decree of Dissolution, and Final Parenting Plan.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR