FILED

04/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0271

DA 19-0271

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 94N

IN RE THE MARRIAGE OF:

MALINDA A. ISKIYAN f/k/a MALINDA A. GROMMET,

Petitioner, Appellant, and Cross-Appellee,

and

DEAN G. GROMMET,

Respondent, Appellee, and Cross-Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR 12-723(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

P. Mars Scott, P. Mars Scott Law Offices, Missoula, Montana

For Appellee:

David F. Stufft, Attorney at Law, Kalispell, Montana

Submitted on Briefs:   January 29, 2020

Decided:   April 21, 2020

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Malinda A. Iskiyan f/k/a Malinda A. Grommet (Malinda) appeals and Dean G. Grommet (Dean) cross-appeals from the April 5, 2019 Final Amended Findings of Fact, Conclusions of Law and Order Regarding Equalization Payment and Attorneys' Fees of the Eleventh Judicial District Court, Flathead County, ordering Dean to pay Malinda an equalization payment with interest and attorney fees, and denying Malinda's request for interest. We restate and address the following issues on appeal:

> *Issue One: Did the District Court err by not awarding post-judgment interest pursuant to § 25-9-205, MCA, on Dean's court-ordered payment to Malinda from his VOYA account?*
>
> *Issue Two: Did the District Court err by not awarding prejudgment interest pursuant to § 27-1-211, MCA, on Dean's court-ordered payment to Malinda from his VOYA account?*
>
> *Issue Three: Did the District Court err when it determined it could not award prejudgment interest on Dean's equalization payment to Malinda until the exact amount of the payment was ascertained?*
>
> *Issue Four: Did the District Court err when it determined prejudgment interest on the equalization payment should be calculated from January 2, 2018?*
>
> *Issue Five: Did the District Court err by sanctioning Dean personally on November 29, 2017 for what Dean contends was his previous attorney's conduct, and then awarding Malinda $3,612 in attorney fees in the Amended Order of April 5, 2019?*

2

¶3 We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

¶4 This is the second appeal in this matter. The case began in May 2012, when Malinda petitioned for dissolution of her twelve-year marriage to Dean. On March 15, 2016, the District Court issued its Findings of Fact, Conclusions of Law and Decree of Dissolution (Decree) distributing the marital estate and dissolving the parties' marriage. Relevant to this appeal, the District Court's Decree ordered Dean to pay Malinda one-half of his VOYA Insurance and Annuity Company account, noting the account's value was $270,291.87 as of June 30, 2015. The District Court also noted that Dean was to receive a greater portion of the marital estate and attempted to offset the inequity through other distributions to Malinda, along with an undetermined equalization payment, to be later calculated by counsel upon the parties' exercise of contingencies regarding whether some of the marital assets were to be sold, retained, or exchanged.

¶5 Dean appealed the Decree and moved the District Court to stay execution of the parties' obligations under the Decree pending its appeal. We affirmed the Decree. *Grommet v. Grommet*, 2017 MT 42N (*Grommet I*).

¶6 Following *Grommet I*, Malinda moved the District Court to determine the amount of the equalization payment and interest. Dean responded by filing a motion requesting the District Court correct a purported clerical error in the Decree that Malinda's award of certain marital assets constituted a double recovery.

¶7 On November 29, 2017, the District Court denied Dean's motion upon finding that Dean had already litigated the double recovery issue post-trial and again on appeal in

3

*Grommet I*, and Dean's attempts to relitigate the issue were "unwarranted, unreasonable, and vexatious." The District Court ordered Dean to pay Malinda's attorney fees and costs incurred in responding to Dean's motion.

¶8 On November 5, 2018, the District Court held a combined hearing to determine the amount of the attorney fees and the final equalization payment owed from Dean to Malinda. After the hearing, on January 8, 2019, the District Court awarded Malinda an equalization payment of $376,549.35 with interest accrued from March 24, 2017, the date of *Grommet I*'s remittitur. The District Court also awarded Malinda $3,612 in attorney fees and costs as a sanction for Dean's relitigation of the double recovery issue.

¶9 Regarding the VOYA account, the District Court noted that Dean had cashed out the account and received a full distribution of the funds on December 26, 2017, instead of transferring Malinda's portion to her pursuant to a Qualified Domestic Relations Order (QDRO). He did this without Malinda's consent or the District Court's approval. Dean asserted that after the District Court issued the March 2016 Decree he learned that VOYA no longer sold variable annuities and that the annuity could not be divided as contemplated by the QDRO, therefore Dean's only option was to cash out the account, which had increased in value, and pay Malinda her portion from the full distribution. The District Court found Dean's reasons for cashing out the VOYA account credible and ordered Dean to immediately pay Malinda $150,000 of the VOYA funds. The District Court's order did not address interest owing to Malinda on the transfer of the VOYA funds.

4

¶10 Dean later filed several post-trial motions requesting modification of the District Court's January 8, 2019 order. Dean requested the District Court apply interest owed on the equalization payment from January 2, 2018 instead of March 24, 2017. Malinda responded to Dean's request to change the interest date on the equalization payment and requested that since the District Court had not previously addressed the amount of interest owed on the VOYA funds, it include such an amount its findings.

¶11 On April 5, 2019, the District Court issued its Final Amended Findings of Fact, Conclusions of Law and Order Regarding Equalization Payment and Attorneys' Fees (Amended Order), in which it granted Dean's request to change the date interest began accruing on the equalization payment from March 24, 2017 to January 2, 2018, and denied Malinda's request for interest on the VOYA funds. Both parties appeal.

¶12 Whether a party is entitled to prejudgment or post-judgment interest is a conclusion of law which we review de novo for correctness. *In re Fossen*, 2019 MT 119, ¶ 8, 395 Mont. 495, 443 P.3d 418 (citing *DeTienne v. Sandrock*, 2018 MT 269, ¶ 30, 393 Mont. 249, 431 P.3d 12); *Healy v. Healy*, 2016 MT 154, ¶ 19, 384 Mont. 31, 376 P.3d 99 (citing *In re Marriage of Debuff*, 2002 MT 159, ¶ 15, 310 Mont. 382, 50 P.3d 1070).

¶13 A district court's interpretation and construction of a statute is a conclusion of law which we review de novo for correctness. *Estes v. Estes*, 2017 MT 67, ¶ 11, 387 Mont. 113, 391 P.3d 752 (quoting *In re Marriage of Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270 P.3d 39). We apply the same standard of review to a district court's interpretation and construction of a rule of procedure, determining whether the court's interpretation and

5

construction of the rule is correct. *State v. Clark*, 2008 MT 317, ¶ 8, 346 Mont. 80, 193 P.3d 934 (citing *Miller v. Eighteenth Judicial Dist. Court*, 2007 MT 149, ¶ 22, 337 Mont. 488, 162 P.3d 121).

¶14   *Issue One: Did the District Court err by not awarding post-judgment interest pursuant to § 25-9-205, MCA, on Dean's court-ordered payment to Malinda from his VOYA account?*

¶15   Montana's post-judgment interest statute, § 25-9-205, MCA, generally entitles a person to interest "on any judgment already rendered but not yet paid." *DeTienne Assocs. Ltd. P'ship v. Farmers Union Mut. Ins. Co.*, 266 Mont. 184, 192, 879 P.2d 704, 709 (1994). Section 25-9-205, MCA, applies to judgments in marital dissolution cases. *In re Marriage of Mannix*, 242 Mont. 137, 140, 788 P.2d 1363, 1365 (1990). The statute provides, in relevant part:

> Except as provided in subsection (2), interest is payable on judgments recovered in the courts of this state and on the cost incurred to obtain or enforce a judgment at a rate equal to the rate for bank prime loans published by the federal reserve system in its statistical release H.15 Selected Interest Rates or in any publication that may supersede it on the day judgment is entered, plus 3%. The interest may not be compounded.

Section 25-9-205(1)(a), MCA.[1]

¶16   Malinda asserts on appeal that December 26, 2017, the date Dean received the full distribution from the VOYA account, is the date post-judgment interest began accruing on the VOYA funds. However, no judgment was issued by the District Court on this date that

---

[1] We note that prior to its 2017 amendment, § 25-9-205, MCA, read, in pertinent part, "Except as provided in subsection (2), interest is payable on judgments recovered in the courts of this state and on the cost incurred to obtain or enforce a judgment at the rate of 10% per year. The interest may not be compounded." Section 25-9-205(1), MCA (2015).

would trigger Malinda's right to post-judgment interest under § 25-9-205, MCA.  It was not until January 8, 2019 that the District Court issued its order directing Dean to pay Malinda her portion of the VOYA funds, the amount of which had become determinable upon the District Court accepting Dean's version of events regarding his reasons for cashing out the account.  The District Court did not err when it denied Malinda's later request for post-judgment interest on the VOYA funds in its April 5, 2019 Amended Order.

¶17   *Issue Two: Did the District Court err by not applying prejudgment interest pursuant to § 27-1-211, MCA, on Dean's court-ordered payment to Malinda from his VOYA account?*

¶18   Section 27-1-211, MCA, entitles a person to prejudgment interest if the following three criteria are met: (1) the existence of an underlying monetary obligation; (2) the amount of recovery is certain or capable of being made certain; and (3)  the right to recover the obligation vests on a particular day.  *Kalispell Aircraft Co., LLC v. Patterson*, 2019 MT 142, ¶ 32, 396 Mont. 182, 443 P.3d 1100.  Section 27-1-211, MCA, applies in marital dissolution proceedings.  *See In re Fossen*, ¶¶ 23-24.  The statute states:

> Each person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover that is vested in the person upon a particular day is entitled to recover interest on the damages from that day except during the time that the debtor is prevented by law or by the act of the creditor from paying the debt.

Section 27-1-211, MCA (2017).

¶19   "[Section] 27-1-211, MCA, is not a discretionary statute.  Rather, it mandates interest as long as the legal situation fits within the broad guidelines of the statute."  *Price Bldg. Serv. v. Holms*, 214 Mont. 456, 469, 693 P.2d 553, 560 (1985).  In this case, Dean owed Malinda an underlying money obligation pursuant to the March 15, 2016

7

Decree, which directed Dean to pay Malinda one-half of the VOYA account. Malinda's right to recover half of the VOYA distribution vested on March 15, 2016, when the District Court issued its Decree. The amount of recovery was not made certain, however, until Dean cashed out the VOYA account and received the full distribution on December 26, 2017. Because all three elements of § 27-1-211, MCA, were met on December 26, 2017, Malinda is entitled to prejudgment interest from that date. The District Court erred when it declined to apply interest pursuant to § 27-1-211, MCA. We reverse and remand to the District Court with instructions to apply prejudgment interest owed to Malinda on the VOYA funds beginning December 26, 2017.

¶20 *Issue Three: Did the District Court err when it determined it could not award prejudgment interest on Dean's equalization payment to Malinda until the exact amount of the payment was ascertained?*

¶21 Malinda argues she is entitled to prejudgment interest on the equalization payment from March 15, 2016, the date of the Decree, pursuant to § 27-1-212, MCA (2017). The statute provides, in relevant part, "In an action for the breach of an obligation not arising from contract . . . interest may be given, in the discretion of the jury." Section 27-1-212, MCA. Section 27-1-212, MCA, also applies to a judge sitting as the trier of fact. *See Strom v. Logan*, 2001 MT 30, ¶ 33, 304 Mont. 176, 18 P.3d 1024 (citing *Semenza v. Bowman*, 268 Mont. 118, 127, 885 P.2d 451, 457 (1994)). We have previously recognized that § 27-1-212, MCA, unlike § 27-1-211, MCA, is discretionary and "does not require certainty of damages, nor must a person's right to receive a sum certain in damages vest before judgment[.]" *Baltrusch v. Baltrusch*, 2003 MT 357, ¶ 69,

8

319 Mont. 23, 83 P.3d 256 (citing *Dew v. Dower*, 258 Mont. 114, 127, 852 P.2d 549, 556-57 (1993)).

¶22 Here, the District Court declined to apply prejudgment interest on the equalization payment until the amount of the payment became ascertainable on January 2, 2018, when Malinda filed her calculations and the contingencies outlined in the Decree occurred. The District Court acted within its discretion under § 27-1-212, MCA, and did not err when it declined to apply interest on the equalization payment from the date of the Decree.

¶23 *Issue Four: Did the District Court err when it determined prejudgment interest on the equalization payment should be calculated from January 2, 2018?*

¶24 Dean argues on cross-appeal that the effective date of § 27-1-211, MCA, prejudgment interest on the equalization payment began on January 8, 2019, not January 2, 2018 as the District Court determined. Malinda responds that the effective date of prejudgment interest on the equalization payment is March 15, 2016, the date of the Decree.

¶25 As we stated above, a person is entitled to prejudgment interest under § 27-1-211, MCA, when: (1) an underlying monetary obligation exists; (2) the amount of recovery is certain or capable of being made certain; and (3) the right to recover the obligation vests on a particular day. *Kalispell Aircraft*, ¶ 32.

¶26 Here, the District Court correctly applied prejudgment interest on the equalization payment from January 2, 2018, the date Malinda filed her calculations with the District Court. Prior to that date, the equalization payment existed as a monetary obligation but was decreed as an undetermined amount. The equalization payment was not capable

of being made certain until the various contingencies outlined in the Decree had occurred. The District Court was made aware of the occurrence of these contingencies when Malinda filed her January 2, 2018 calculations. The District Court correctly applied prejudgment interest pursuant to § 27-1-211, MCA, from this date. The District Court's interpretation and application of the law were correct.

¶27 *Issue Five: Did the District Court err by sanctioning Dean personally on November 29, 2017 for what Dean contends was his previous attorney's conduct, and then awarding Malinda $3,612 in attorney fees in the Amended Order of April 5, 2019?*

¶28 Dean argues on cross-appeal that the District Court impermissibly awarded Malinda attorney fees because Dean did not commit sanctionable conduct that would permit such an award under M. R. Civ. P. 11, 26, or 37. Malinda responds that the award of attorney fees was appropriate under § 37-61-421, MCA.

¶29 Attorney fees are awardable to a party as sanctions for an opposing party's violation of Rules 11, 26, or 37. Rule 11 requires pleadings and motions to be based on an attorney's

> reasonable inquiry . . . well grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Byrum v. Andren*, 2007 MT 107, ¶ 16, 337 Mont. 167, 159 P.3d 1062 (quoting M. R. Civ. P. 11). Rule 26(g) similarly requires an attorney certify that, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," a discovery request, response, or objection is "consistent with [the Montana Rules of Civil Procedure] and warranted by existing law or by a good faith argument for extending,

10

modifying, or reversing existing law," is not "interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and is "neither unreasonable nor unduly burdensome or expensive" upon making certain enumerated considerations. M. R. Civ. P. 26(g)(1). When a party fails to comply with discovery, Rule 37 provides for an award of attorney fees as sanctions against the noncompliant party. *See generally*, M. R. Civ. P. 37.

¶30 Attorney fees are also awardable as sanctions under § 37-61-421, MCA, which provides that "[a]n attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct."

¶31 Section 37-61-421, MCA, is discretionary. *Estate of Bayers*, 2001 MT 49, ¶ 9, 304 Mont. 296, 21 P.3d 3. Unlike Rules 11, 26, and 37, § 37-61-421, MCA, does not only apply to discovery violations before attorney fees may be imposed as sanctions. *Rocky Mt. Enters. v. Pierce Flooring*, 286 Mont. 282, 301-02, 951 P.2d 1326, 1338-39 (1997) (affirming district court's award of attorney fees as sanctions under § 37-61-421, MCA, upon finding counsel's conduct at trial "inappropriately" increased trial time); *In re Marriage of Rager*, 263 Mont. 361, 365-66, 868 P.2d 625, 628 (1994) (affirming district court's award of attorney fees as sanctions under § 37-61-421, MCA, in dissolution proceeding upon finding that husband's failure to produce discovery and appear at trial was "unreasonable and vexatious" and multiplied the litigation).

¶32 Although the District Court did not cite § 37-61-421, MCA, as a basis for its attorney fee award to Malinda in its November 29, 2017 and April 5, 2019 orders, the statute supports awarding attorney fees and costs in this case. The District Court specifically found Dean's attempts to relitigate the double recovery issue post-trial and again after *Grommet I* were "unwarranted, unreasonable, and vexatious." The District Court's ruling "can be sustained under the wrong-reason, right-result appellate rule." *Tipp v. Skjelset*, 1998 MT 263, ¶ 16, 291 Mont. 288, 967 P.2d 787 (quotations omitted). We affirm the District Court's award of attorney fees to Malinda.

¶33 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm in part, reverse in part, and remand to the District Court for the sole purpose of applying prejudgment interest owed to Malinda on the VOYA funds beginning December 26, 2017.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR